Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/25/2020 12:12 AM CST

State of Nebraska, appellee, v.
Clint C. Canaday, appellant.
___ N.W.2d ___

Filed October 2, 2020.    Nos. S-19-1102, S-19-1103.

1. **Pleas: Appeal and Error.** An appellate court will not disturb the trial court's ruling on a presentencing motion to withdraw a guilty or no contest plea absent an abuse of discretion.

2. **Sentences: Appeal and Error.** Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.

3. **Pleas.** The right to withdraw a plea previously entered is not absolute.

4. **Pleas: Proof.** When a defendant moves to withdraw his or her plea before sentencing, a court, in its discretion, may sustain the motion for any fair and just reason, provided that such withdrawal would not substantially prejudice the prosecution. The defendant has the burden to show the grounds for withdrawal by clear and convincing evidence.

5. **Appeal and Error.** Appellate courts do not ordinarily consider arguments and theories raised for the first time on appeal.

6. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

7. **Convicted Sex Offender.** Because registration duties under the Sex Offender Registration Act are not punitive, a trial court may inform a defendant of the registration duties before accepting pleas of guilty or no contest, but it is not required to do so.

8. **Sentences.** In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct,

and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.

9. ____. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

10. ____. Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively.

Appeals from the District Court for Dawes County: Travis P. O'Gorman, Judge. Affirmed.

Justin J. Cook, of Lincoln Law, L.L.C., for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Stacy, J.

Pursuant to a plea agreement, Clint C. Canaday entered no contest pleas to felony charges in two separate cases. At the sentencing hearing, he made an oral motion to withdraw one of the pleas. The court overruled the motion and proceeded with sentencing in both cases. Canaday appeals his convictions and sentences in both cases, which we have consolidated for appellate review. Finding no error, we affirm.

## I. BACKGROUND

On October 12, 2018, Canaday was charged in the district court for Dawes County with three Class II felonies: intentional child abuse resulting in serious bodily injury,[1] first degree assault,[2] and use of a deadly weapon to commit a felony.[3]

---

[1] Neb. Rev. Stat. § 28-707 (Reissue 2016).

[2] Neb. Rev. Stat. § 28-308 (Reissue 2016).

[3] Neb. Rev. Stat. § 28-1205 (Reissue 2016).

The information also alleged Canaday was a habitual criminal.[4] Canaday entered "not guilty" pleas to all counts.

About 8 months later, on June 6, 2019, a second felony information was filed against Canaday, charging him with two counts of first degree sexual assault of a child,[5] both Class IB felonies.[6] Canaday entered "not guilty" pleas to both counts.

### 1. Plea Agreement

In July 2019, Canaday and the State entered into a written plea agreement involving both cases. In the first case, Canaday agreed to plead guilty or no contest to an amended information charging one count of intentional child abuse resulting in serious bodily injury and one count of child abuse not resulting in serious bodily injury. In return, the State agreed to dismiss the charges of first degree assault and use of a deadly weapon to commit a felony, and it further agreed to dismiss the habitual criminal allegation.

In the second case, Canaday agreed to plead guilty or no contest to an amended information charging one count of first degree sexual assault of a child. In return, the State agreed to dismiss the second count of first degree sexual assault of a child. And in both cases, the State also agreed not to file additional charges against Canaday for offenses involving three specific juveniles occurring prior to the date of his arrest.

A change of plea hearing in both cases was held July 22, 2019. At the hearing, Canaday's counsel recited the terms of the plea agreement on the record. The court asked Canaday whether the terms, as stated, reflected his understanding of the agreement, and Canaday answered, "Yes."

During the plea colloquy, the court explained each charge in the amended informations and the possible penalties, including an advisement that the sentences imposed could be ordered to be served concurrently or consecutively. Canaday

---

[4] Neb. Rev. Stat. § 29-2221 (Reissue 2016).

[5] Neb. Rev. Stat. § 28-319.01 (Reissue 2016).

[6] § 28-319.01(2).

stated he understood. The court also informed Canaday that on the charge of first degree sexual assault of a child, he "can be ordered to comply with" the Nebraska Sex Offender Registration Act (SORA). Canaday stated he understood. The court advised Canaday of the various rights he would be waiving by entering his pleas, and Canaday stated he understood. Canaday told the court he did not have any questions about his rights or the possible penalties, and when asked whether he had enough time to think about his pleas and discuss them with his attorney, Canaday replied, "Yes."

Canaday entered pleas of no contest in both cases, after which the State provided a factual basis for the charges. The charges related to Canaday's treatment of his girlfriend's three children. In the first case, concerning the charge of intentional child abuse resulting in serious bodily injury, Canaday threw a metal tape measure at his girlfriend's then 5-year-old son, causing the child's lip to split so severely he needed plastic surgery to correct it. The event was recorded on video cameras the girlfriend had installed in the home. On the charge of child abuse not resulting in serious bodily injury, Canaday used a cattle prod to shock his girlfriend's then 14-year-old son when Canaday felt the child had misbehaved.

In the second case, concerning the charge of first degree sexual assault of a child, the then 11-year-old daughter of Canaday's girlfriend told her mother that Canaday had been sexually assaulting her, and the child's mother told her she needed "proof." The child used her cell phone to make an audio recording of two incidents in which Canaday anally and vaginally penetrated her while she pleaded with him to stop. A transcript of the audio recording was admitted into evidence at the plea hearing.

After making appropriate findings, the district court accepted Canaday's pleas in both cases. In the first case, Canaday was found guilty of intentional child abuse resulting in serious bodily injury, a Class II felony,[7] and intentional child abuse

---

[7] § 28-707(1) and (7).

not resulting in serious bodily injury, a Class IIIA felony.[8] In the second case, Canaday was found guilty of first degree sexual assault of a child, a Class IB felony.[9] A presentence investigation report (PSR) was ordered and sentencing was scheduled for October 22, 2019.

## 2. Sentencing Hearing

When the sentencing hearing began, defense counsel advised the court:

> Mr. Canaday tells me that at the time that he entered into the plea it was his understanding he wasn't going to have to do the registration as outlined in the SORA.
>
> I've been through it with him. He refuses to sign it; does not want to be registered. Says that he would rather withdraw his plea if registration is part of it because he's not going to sign it. He tells me that he — and I knew that he was somewhat disabled as far as reading and writing. He says he can't read or write and just doesn't understand any part of it.
>
> So for those reasons Mr. Canaday is requesting today that he be allowed to withdraw his plea.

No exhibits were offered in support of the motion, and Canaday offered no testimony. The State opposed the motion, arguing Canaday had been properly advised of the consequences of his plea in the second case and there was no basis for allowing withdrawal. The court agreed with the State, stating: "[T]he motion is denied. I told you when you entered your plea you'd be required to comply with [SORA]. I don't care if you sign [the SORA form] or not. I really don't. I'm still going to order you to be a lifetime registrant [under SORA]."

The sentencing hearing proceeded. The State generally requested consecutive sentences in the maximum range. It argued that throwing the tape measure at the 5-year-old child was senseless and brutal, that using a cattle prod on the

---

[8] § 28-707(1) and (4).

[9] § 28-319.01(1)(a).

14-year-old child was essentially torture, and that the audio recording of the sexual assault on the 11-year-old child graphically depicted how vulnerable and helpless she was while Canaday assaulted her.

Defense counsel did not request specific sentences, but he argued that Canaday had taken responsibility for some of his actions. Counsel also suggested that Canaday's inability to read and write complicated some of the testing included in the PSR. Defense counsel confirmed he had discussed the PSR with Canaday, and counsel also clarified the record regarding some of the statements contained in the PSR.

Canaday was given an opportunity for allocution, but he declined. The court then addressed Canaday directly:

> I've listened to and considered the remarks of your attorney as well as the county attorney. I've carefully considered the [PSR].
>
> In arriving at your sentence I've considered your age, your mentality, your education, your experience, your social and cultural background, as well as your past criminal record.
>
> I've also considered the motivation for your offenses, the amount of violence involved, as well as any letters that I received.
>
> You know, I will say this is one of the toughest sets of [PSR's] I've ever had to go through. And, you know, I felt — if going through a [PSR] has bugged me like it did, I can't imagine what these children have been through. And they will never be the same. . . .
>
> You know, the Legislature gives a maximum sentence on a sexual assault of a child as a life sentence, and, you know, if there's ever one that deserved a life sentence it's this one.
>
> And you take absolutely no responsibility. You [claim you] weren't even there, despite the fact that there's video, there's recordings. It's just — you're a monster and you deserve to spend the rest of your life locked in a cage. And I can't say it any more nice[ly] than that.

The court then sentenced Canaday to consecutive terms of imprisonment as follows:
- 20 to 30 years on the conviction of intentional child abuse resulting in serious bodily injury;
- 2 to 2 years on the conviction of intentional child abuse not resulting in serious bodily injury; and
- 50 years to life on the conviction of first degree sexual assault of a child.

Canaday was given credit for 453 days previously served, and speaking from the bench, the court ordered Canaday to comply with SORA.

Canaday filed a timely notice of appeal in both cases. We consolidated the appeals and now resolve them in a single opinion.

## II. ASSIGNMENTS OF ERROR

Canaday assigns, renumbered, that the district court erred in (1) not allowing him to withdraw his plea prior to sentencing and (2) imposing excessive sentences.

## III. STANDARD OF REVIEW

[1] A trial court has discretion to allow defendants to withdraw their guilty or no contest pleas before sentencing.[10] An appellate court will not disturb the trial court's ruling on a presentencing motion to withdraw a guilty or no contest plea absent an abuse of discretion.[11]

[2] Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.[12]

---

[10] *State v. Carr*, 294 Neb. 185, 881 N.W.2d 192 (2016).

[11] *Id.*

[12] *State v. Becker*, 304 Neb. 693, 936 N.W.2d 505 (2019).

## IV. ANALYSIS

### 1. Withdrawal of Plea

[3,4] The right to withdraw a plea previously entered is not absolute.[13] When a defendant moves to withdraw his or her plea before sentencing, a court, in its discretion, may sustain the motion for any fair and just reason, provided that such withdrawal would not substantially prejudice the prosecution.[14] The defendant has the burden to show the grounds for withdrawal by clear and convincing evidence.[15]

#### (a) Grounds for Withdrawal

Before the district court, Canaday's counsel offered just two reasons for seeking to withdraw his plea. First, he stated that "at the time that [Canaday] entered into the plea it was his understanding he wasn't going to have to do the registration as outlined in the SORA." Second, Canaday's counsel stated he had been through the SORA advisement form with Canaday, but he "refuse[d] to sign it; does not want to be registered." Counsel continued: "He says he can't read or write and just doesn't understand any part of it. So for those reasons [he] is requesting today that he be allowed to withdraw his plea."

Both of these reasons pertained exclusively to the SORA consequences of Canaday's plea to the charge of first degree sexual assault of a child. Consequently, it appears the district court treated Canaday's oral motion to withdraw his plea as confined only to the conviction for sexual assault of a child.

In his briefing on appeal, Canaday argues for the first time that his difficulty reading and writing affected his ability to understand the entire plea agreement and that he should have been allowed to withdraw all of his pleas on that basis. But Canaday did not convey such a request in the district court. Rather, at the sentencing hearing, Canaday requested to

---

[13] *Carr, supra* note 10.

[14] *Id.*

[15] *Id.*

withdraw his "plea" and the only grounds given for this request were counsel's representations that Canaday did not understand he would be subject to SORA and that Canaday's illiteracy prevented him from understanding the SORA advisement form.

[5] During oral argument before this court, Canaday conceded that the district court was not presented with a request to withdraw all of the pleas based on a claim that Canaday's inability to read and write made him unable to understand the written plea agreement. Because appellate courts do not ordinarily consider arguments and theories raised for the first time on appeal,[16] we will not entertain Canaday's arguments seeking to expand the grounds presented to the district court. Thus, in considering whether the district court abused its discretion in overruling Canaday's motion to withdraw his plea, we limit our analysis to those grounds expressly presented to the district court.

### (b) No Abuse of Discretion

[6] For the reasons explained below, we find no abuse of discretion in overruling Canaday's motion to withdraw his plea based on the claim he did not understand the SORA consequences. An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[17]

The record directly refutes Canaday's claim that he did not understand that a conviction for first degree sexual assault of a child would subject him to SORA registration requirements. During both his arraignment and his change of plea hearing, the court advised Canaday that he could be ordered to comply with SORA and Canaday affirmatively stated he understood.

[7] But even an incorrect or incomplete advisement on SORA would not have entitled Canaday to withdraw his plea.

---

[16] See *State v. Uhing*, 301 Neb. 768, 919 N.W.2d 909 (2018).

[17] *State v. Montoya*, 304 Neb. 96, 933 N.W.2d 558 (2019).

In *State v. Lane*,[18] we explained that a defendant's duty to register under SORA is not a criminal penalty, but, rather, it is a collateral civil consequence of a conviction. Because registration duties under SORA are not punitive, a trial court may inform a defendant of the registration duties imposed under SORA before accepting pleas of guilty or no contest, but it is not required to do so.[19] And in *Lane*, we expressly rejected the claim that a plea is rendered involuntary or unintelligent because a defendant was not aware of his or her registration duties under SORA.[20]

On this record, we find no abuse of discretion in the district court's decision to overrule Canaday's motion to withdraw his plea.

## 2. Excessive Sentences

In both his appellate briefing and at oral argument before this court, Canaday concedes the sentences imposed by the district court were within statutory limits. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.[21]

[8,9] In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.[22] The appropriateness of a sentence is necessarily a subjective

---

[18] *State v. Lane*, 299 Neb. 170, 907 N.W.2d 737 (2018).

[19] *Id.*

[20] *Id.*

[21] *Becker, supra* note 12.

[22] *Id.*

judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.[23]

Canaday argues the district court failed to consider these sentencing factors, but our review of the record affirmatively refutes this argument. At the sentencing hearing, the district court stated it had carefully considered the remarks of counsel and the information in the PSR, which the judge described as "one of the toughest" he had ever read. The court stated it had considered Canaday's age, mentality, education, experience, and social and cultural background, as well as his past criminal record. The court also stated it had considered Canaday's motivation for the offenses and the amount of violence involved, including the fact that his victims were children who "will never be the same." The record shows the district court considered and applied the relevant sentencing factors when determining Canaday's sentences, and we find no abuse of discretion in that regard.

[10] Finally, Canaday argues it was an abuse of discretion to impose consecutive sentences. He generally characterizes his crimes as "related" and argues the court should have imposed concurrent sentences. We soundly reject any suggestion that because Canaday's victims were related, his crimes were related. Canaday's convictions involved different offenses against different children on different dates. Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively.[24] We find no abuse of discretion in the district court's imposition of consecutive sentences.

### V. CONCLUSION

For the foregoing reasons, the convictions and sentences are affirmed.

Affirmed.

---

[23] *Id.*

[24] *State v. Leahy*, 301 Neb. 228, 917 N.W.2d 895 (2018).