IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. HOWELL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SHAWN M. HOWELL, APPELLANT.

Filed March 2, 2021.    No. A-20-687.

Appeal from the District Court for Colfax County: CHRISTINA M. MARROQUIN, Judge. Affirmed.

Timothy J. Wollmer, of Egr, Birkel & Wollmer, P.C., for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

PIRTLE, Chief Judge, and MOORE and RIEDMANN, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

Based on a plea agreement, Shawn M. Howell pled no contest to attempted possession of a firearm by a prohibited person and was sentenced by the Colfax County District Court to 20 to 26 years' imprisonment. On appeal, Howell argues that the court should have allowed him to withdraw his plea, that it should have sentenced him to probation, and that it considered improper evidence in sentencing him resulting in an excessive sentence. Based on the reasons that follow, we affirm.

## BACKGROUND

The State filed an information charging Howell with one count of possession of a firearm by a prohibited person, a Class ID felony. Pursuant to a plea agreement, Howell agreed to plead no contest to attempted possession of a firearm by a prohibited person, a Class II felony. See Neb.

Rev. Stat. § 28-1206(1)(a) (Cum. Supp. 2020). In addition to the reduced charge, the State agreed to dismiss two cases pending in Platte County.

At the plea hearing, the court explained to Howell the charge against him and the possible penalties, the consequences of entering a plea and the constitutional rights he would be waiving. Howell indicated he understood everything that was explained to him. The State provided the following factual basis to the court:

> On or about October 16, 2019, the Colfax County Sheriff's Department was dispatched to a report of shots fired or shooting between two parties that occurred at a property located north of Schuyler in Colfax County, Nebraska. When officers arrived on the scene, they observed a man later identified as the Defendant, Shawn Howell, born in October of 1966, with at least four spent shotgun shells directly in front of his feet. The officers observed that Mr. Howell still had a shotgun in his hand. Mr. Howell reported to the deputy that he had been shot at and that he returned fire.
>
> The officers were able to determine that Mr. Howell was the respondent in a domestic abuse protection order which had been issued by the County Court of Butler County in Case No. CI19-31. That order had been served personally upon Mr. Howell in June of [2019], prohibiting Mr. Howell from possessing firearms. All events [occurred] in Colfax County, Nebraska.

The trial court accepted Howell's plea and found him guilty. It then ordered that a presentence investigation report (PSR) be prepared and a sentencing hearing was scheduled.

At the sentencing hearing, the State informed the court that there were additions to the PSR in the form of communications from Howell in jail to outside parties. Some of Howell's statements included threats made toward county officials, law enforcement, and the general population. The State submitted this information because it showed he was a danger to the community, took no accountability for his actions, and that a lengthy term of incarceration should be imposed.

The court stated that it was important for it to fully understand the danger or potential danger a person who is being sentenced poses to the community. It ordered that Howell undergo a 90-day evaluation at the Diagnostic and Evaluation Center located in Lincoln prior to imposing sentence.

The report from the 90-day evaluation stated that Howell had rapidly shifting emotions, pressured speech, dramatic style, and thoughts of conspiracies against him. He was diagnosed with personality disorder, bipolar disorder, delusional disorder, and caffeine and nicotine withdrawal/dependency. It was recommended that Howell receive psychotherapy, medication management, anger management, and caffeine/nicotine education. The doctor who completed a psychological evaluation believed Howell's episodes in jail at or around the time of his plea were manic episodes due to his bipolar disorder and severe caffeine and nicotine dependency/withdrawal.

A second sentencing hearing was held at which time Howell made a motion to withdraw his plea, alleging that his plea was not knowingly and voluntarily made based on the results of the 90-day evaluation. The State objected. The court denied Howell's motion finding there was no legitimate reason to allow him to withdraw his plea, and that his plea was knowingly and

voluntarily made. The court subsequently sentenced him to not less than 20 years' and not more than 26 years' imprisonment.

## ASSIGNMENTS OF ERROR

Howell assigns that the trial court erred in (1) not allowing him to withdraw his plea following the 90-day evaluation, (2) failing to sentence him to a term of probation, (3) imposing an excessive sentence, and (4) considering evidence of other pending and unproven offenses and sentencing him based upon those allegations.

## STANDARD OF REVIEW

A trial court has discretion to allow defendants to withdraw their guilty or no contest pleas before sentencing. An appellate court will not disturb the trial court's ruling on a presentencing motion to withdraw a guilty or no contest plea absent an abuse of discretion. *State v. Canaday*, 307 Neb. 407, 949 N.W.2d 348 (2020).

It is within the discretion of the trial court whether to impose probation or incarceration, and we will uphold the court's decision denying probation absent an abuse of discretion. *State v. Wills*, 285 Neb. 260, 826 N.W.2d 581 (2013).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

## ANALYSIS

*Withdrawal of Plea.*

Howell first assigns that the trial court erred in not allowing him to withdraw his plea based on his diagnosed mental health conditions and conclusions set forth in the 90-day evaluation. He contends that his symptoms and mental health conditions substantially affected his ability to voluntarily, knowingly, and intelligently consider and enter his plea.

A trial court has discretion to allow defendants to withdraw their guilty or no contest pleas before sentencing. An appellate court will not disturb the trial court's ruling on a presentencing motion to withdraw a guilty or no contest plea absent an abuse of discretion. *State v. Canaday, supra*.

The right to withdraw a plea previously entered is not absolute. When a defendant moves to withdraw his or her plea before sentencing, a court, in its discretion, may sustain the motion for any fair and just reason, provided that such withdrawal would not substantially prejudice the prosecution. *Id*. The defendant has the burden to show the grounds for withdrawal by clear and convincing evidence. *Id.*

The 90-day evaluation report showed that Howell was diagnosed with personality disorder, bipolar disorder, delusional disorder, and caffeine and nicotine withdrawal/dependency. The psychologist believed Howell's episodes in jail at or around the time of his plea were manic episodes due to his bipolar disorder and severe caffeine and nicotine dependency/withdrawal. However, there was no indication in the evaluation that his manic episodes or caffeine and nicotine

withdrawal interfered with Howell's ability to consider and enter his plea voluntarily, knowingly, and intelligently at the plea hearing. The evaluation does not indicate that he did not understand the court's questions or was unable to comprehend what was happening. The evaluation says nothing about his state of mind at the time of the plea hearing.

The court found that Howell had not shown any legitimate reason to withdraw his plea. It noted that at the time of the plea, it inquired of Howell regarding his mental state, his willingness to accept the plea, and whether he was entering into the plea without any threats. More specifically, at the plea hearing, the court stated it had observed Howell's speech, manner, and attentiveness at the hearing, and that he had followed the questions, provided logical answers, appeared to understand the proceedings, and appeared physically and mentally healthy and not under the influence of drugs or alcohol. The court found that Howell understood his rights and freely and voluntarily waived them, understood the charge and possible penalties, and understood the consequences of his plea. Howell's counsel indicated that Howell was entering his plea freely, knowingly, and voluntarily and there was no reason not to accept the plea. Further, the record does not reflect that Howell engaged in any bizarre or unusual behavior at the plea hearing.

In addition, as the State argued, allowing Howell to withdraw his plea would have prejudiced the State because it had reduced the original charge against him and two cases in Platte County were dismissed in exchange for the plea.

We conclude that Howell failed to meet his burden to show by clear and convincing evidence that grounds existed to withdraw his plea. Accordingly, the court did not abuse its discretion in refusing to allow Howell to do so. This assignment of error fails.

*Excessive Sentence.*

Howell next assigns that he should have been sentenced to probation rather than incarceration. He also assigns that his sentence was excessive because the court considered evidence of other pending and unproven offenses and sentenced him based upon those allegations.

Howell first argues that he was a suitable candidate for probation because he had "no prior felonies, an excellent work history, no criminal record for the past 15 years, a minimal misdemeanor criminal history and previous success on probation." Brief for appellant at 16.

At the sentencing hearing the court noted that Howell's prior convictions as well as pending charges all involved threatening and violent behavior. The court also found it concerning that Howell's antisocial score from the risk assessment found in the PSR was 81 percent and his aggressiveness score was 94 percent. It further noted his overall procriminal attitude and antisocial features were in the high to very high risk range, and his overall risk assessment score showed that he was a high risk to reoffend. The court stated that based on his assessment scores, it was concerned about public safety if the court was to release him into the community.

The court further stated that it could not ignore how it came to the attention of law enforcement that Howell not only possessed, but discharged, a firearm in this case. It found that fact relevant to public safety and indicated that Howell would pose a danger if released into the community. The court also indicated that based on his behavior and the statements he had made in jail, it was likely Howell would commit the same crime again. The court found that a lesser sentence would depreciate the seriousness of the crime and promote disrespect for the law, and that the safety of the public required a term of incarceration.

- 4 -

It is within the discretion of the trial court whether to impose probation or incarceration, and we will uphold the court's decision denying probation absent an abuse of discretion. *State v. Wills*, 285 Neb. 260, 826 N.W.2d 581 (2013). There was no abuse of discretion by the trial court in determining that Howell was not a candidate for probation and that a sentence of incarceration was necessary.

Howell next assigns that his sentence of incarceration was excessive because the trial court considered evidence of other pending, unproven offenses and sentenced him based on those allegations. We first note that the sentence imposed was within the statutory range. Howell was sentenced to 20 to 26 years' imprisonment. The statutory penalty range for a Class II felony is a minimum of 1 year's imprisonment and a maximum of 50 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020).

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Montoya*, 305 Neb. 581, 941 N.W.2d 474 (2020). Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *Id.*

In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

As previously stated, Howell asserts that the trial court improperly considered evidence of other charges against him and sentenced him excessively based upon those allegations. He argues that because he had not been convicted of the other charged offenses, they had not been proven and should not be considered as an aggravating factor in determining his sentence.

At the time of sentencing, Howell had been charged with use of a weapon to commit a felony and felony assault arising out of the same incident that led to the present charge. Howell had also been charged with terroristic threats in Butler County for statements he made about certain county officials while incarcerated for the present offense.

At the sentencing hearing the trial court noted that Howell's prior convictions and pending charges all involved threatening and violent behavior. It also stated that it could not ignore how it came to law enforcement's attention that he was in possession of a firearm and that was because he did not just possess a firearm, but also discharged it. Howell contends these statements show the court's intent to sentence him beyond the scope of the present attempted possession charge.

The sentencing phase is separate and apart from the trial phase, and the traditional rules of evidence may be relaxed following conviction so that the sentencing authority can receive all information pertinent to the imposition of sentence. *State v. Montoya, supra.* A sentencing court has broad discretion as to the source and type of evidence and information which may be used in determining the kind and extent of the punishment to be imposed, and evidence may be presented as to any matter that the court deems relevant to the sentence. *Id.* It is permissible for a sentencing

court to consider the information that a defendant has been charged with but not yet tried for allegedly illegal acts committed after the offense for which the defendant is being sentenced. *Id.*

The court's statements in regard to Howell's pending charges do not indicate it gave inappropriate weight to those charges in sentencing Howell for the present offense. It was one consideration that the court took into account.

The court also stated that it had read all the information before it, and had considered his age, the fact that he was married, and had his own businesses. It stated that it looked at the PSR thoroughly, including the risk assessment. The overall score indicated a high risk to reoffend. The court further stated that based on the PSR, Howell was not taking responsibility for his actions; that the PSR was replete with his statements which showed he simply scoffed at the law; and that given the opportunity, he would do the same thing again.

We conclude that the trial court properly considered the charged, but untried conduct, as well as the circumstances that led to the instant charge, but did not base its sentence exclusively on the untried charges. Howell's sentence was within the sentencing guidelines and there is no indication that the court abused its discretion in the sentence it imposed. Howell's assignments of error related to sentencing fail.

## CONCLUSION

For the foregoing reasons, we conclude that the trial court did not err in failing to allow Howell to change his plea and we find no abuse of discretion in the sentence imposed by the trial court. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.