IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. STARKEY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JEREMY STARKEY, APPELLANT.

Filed September 28, 2021.    No. A-21-336.

Appeal from the District Court for Saunders County: CHRISTINA M. MARROQUIN, Judge. Affirmed.

Thomas J. Klein, Saunders County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

RIEDMANN, BISHOP, and ARTERBURN, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Jeremy Starkey appeals his plea-based conviction for attempted sex offender registry violation. He assigns that the district court for Saunders County abused its discretion in not allowing him to withdraw his plea and that the sentence imposed was excessive. We affirm.

## BACKGROUND

Due to a previous conviction in Wisconsin, Starkey was required to register as a sex offender in at least October of each year. In October 2020, Starkey failed to properly register with the Saunders County sheriff's office as required. On November 4, he was arrested for failing to register as a sex offender.

On February 25, 2021, an information was filed against Starkey for the charge of sex offender registry violation, a Class IIIA felony. Neb. Rev. Stat. § 29-4011(1) (Reissue 2016). On

March 1, an amended information was filed, reducing the charge to attempted sex offender registry violation, a Class IV felony. *Id.*; Neb. Rev. Stat. § 29-201(4) (Reissue 2016). In exchange for the reduced charge, Starkey agreed to plead guilty to the amended information. No formal agreements were made regarding sentencing.

During the plea hearing on March 1, 2021, Starkey pled guilty to the amended information. The district court advised Starkey of the rights he would be waiving by pleading guilty, including his presumption of innocence, the right to trial, confrontation, right to remain silent, etc. The district court found, beyond a reasonable doubt, that Starkey understood his rights; that he freely, voluntarily, knowingly, and intelligently waived them; that he understood the consequence of his waiver; and that the district court accepted his waiver of those rights. The district court asked whether Starkey had told his attorney everything he thought his attorney should know about his case, and whether Starkey thought his attorney was competent. Starkey answered both questions in the affirmative.

At the end of the plea hearing, the district court directed Starkey to meet with probation to complete the presentence investigation process. The appointment was initially scheduled for March 15, 2021, but Starkey cancelled that appointment due to inclement weather and a death in his fiance's family. It was rescheduled for March 29, and Starkey failed to appear for the appointment. The probation officer attempted to call Starkey, but could not reach him. As of April 5, when the presentence report was created, Starkey had failed to contact the probation office regarding the missed appointment.

During the sentencing hearing on April 12, 2021, Starkey requested to withdraw his guilty plea because he had not had a chance to talk to his diversion officer in Wisconsin about his plea. He was under the impression that, as a result of his guilty plea to the current charge, his parole or diversion status would be revoked in Wisconsin. The district court found that the reason Starkey provided did not constitute a reason to allow him to withdraw his plea when it was voluntarily and knowingly given. It therefore denied his request.

The district court sentenced Starkey to 60 days' incarceration and post-release supervision was waived. In the judgment and sentence, the district court stated it relied upon the presentence report, together with all other relevant information and facts. In explaining its reasoning for the sentence given, the court noted that Starkey had failed to attend the presentence investigation meeting, he had two prior registry violations, he has an active warrant in another state, and he was previously extradited. The district court stated that Starkey was not a proper candidate for probation because it was likely that he would continue to violate the law if placed on probation, and a lesser sentence would depreciate the seriousness of the crime and promote disrespect for the law. Starkey timely appealed.

## ASSIGNMENTS OF ERROR

Restated, Starkey assigns that the district court erred in (1) not allowing him to withdraw his guilty plea prior to sentencing and (2) imposing an excessive sentence.

## STANDARD OF REVIEW

An appellate court will not disturb the trial court's ruling on a presentencing motion to withdraw a guilty or no contest plea absent an abuse of discretion. *State v. Canaday*, 307 Neb. 407, 949 N.W.2d 348 (2020).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Iddings*, 304 Neb. 759, 936 N.W.2d 747 (2020). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

## ANALYSIS

*Denial of Motion to Withdraw Plea.*

Starkey assigns that the district court erred in not allowing him to withdraw his guilty plea prior to sentencing. We disagree.

After the entry of a plea of guilty or no contest, but before sentencing, a court, in its discretion, may allow a defendant to withdraw his or her plea for any fair and just reason, provided that the prosecution has not been or would not be substantially prejudiced by its reliance on the plea entered. *State v. Ortega*, 290 Neb. 172, 859 N.W.2d 305 (2015). See, also, *State v. Carlson*, 260 Neb. 815, 619 N.W.2d 832 (2000) (reaffirming standard is that court *may* allow defendant to withdraw plea, not that court *should* allow defendant to withdraw plea). The right to withdraw a plea previously entered is not absolute, and, in the absence of an abuse of discretion on the part of the trial court, refusal to allow a defendant's withdrawal of a plea will not be disturbed on appeal. *State v. Ortega, supra.* The burden is on the defendant to establish by clear and convincing evidence the grounds for withdrawal of a plea. *Id.*

Starkey argues that he should have been allowed to withdraw his guilty plea because he was on diversion or probation in Wisconsin, and he had not had a chance to discuss his guilty plea with his diversion officer in Wisconsin. However, Starkey was aware of the potential violation on November 4, 2020, when he was arrested. The information was filed on February 25, 2021. The amended information, reducing the charge, was filed March 1, 2021, and his plea hearing was held on the same day. Therefore, Starkey had from November 4, 2020 until March 1, 2021, to talk with his Wisconsin diversion officer before entering into the plea agreement.

Prior to accepting Starkey's plea, the district court questioned Starkey to determine whether his plea was offered freely, voluntarily, knowingly, and intelligently, and confirmed that it was. Starkey's failure to timely consult with his Wisconsin diversion officer does not constitute a "fair and just reason" such that it was an abuse of discretion by the district court to deny his motion to withdraw his plea. The court had no obligation to advise Starkey that he should consult with his diversion officer prior to entering a plea; rather, the responsibility was his. Ignorance of a collateral effect of a plea is not necessarily a basis upon which a court must allow the withdrawal of a plea. See *State v. Schneider*, 263 Neb. 318, 640 N.W.2d 8 (2002) (no abuse of discretion in court's refusal to allow withdrawal of plea on basis that defendant was not advised of sex offender registration requirement). We therefore affirm the court's denial of Starkey's motion to withdraw his plea.

*Excessive Sentence.*

Starkey assigns that the district court abused its discretion by imposing an excessive sentence. Starkey was found guilty of attempted violation of sex offender registration act, a Class IV felony. Starkey was sentenced to 60 days in the Saunders County jail, with credit for 2 days previously served.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Stack*, 307 Neb. 773, 950 N.W.2d 611 (2020). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

The district court did not abuse its discretion in sentencing Starkey to 60 days' incarceration instead of probation. An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Montoya*, 305 Neb. 581, 941 N.W.2d 474 (2020). In explaining its reasoning for the sentence given, the district court noted that Starkey failed to appear for the presentence investigation meeting, he had two prior registry violations, he has an active warrant in another state, and he was extradited in the past. The court also noted that the registry is for a purpose, it is not optional. Based on these factors, the court found he was not a candidate for probation, especially considering Starkey did not cooperate with the presentence investigation.

Starkey acknowledges that the sentence pronounced, 60 days' incarceration, is within the statutory limits. The sentence of 60 days' incarceration was imposed in part due to Starkey's failure to comply with a court ordered presentence report, past failures to comply with the registry requirements, and Starkey having an active warrant in another state. The district court's decision is not untenable, unreasonable, nor was its sentence clearly against justice or conscience, reason, and evidence. We find no abuse of discretion in the sentence imposed.

Starkey argues that because his attempted failure to register was not a violent crime and no person was physically injured as a result of his failure, the district court should have sentenced him to probation instead. While we agree that his crime was not a violent one, other factors weigh against probation. His failure to attend the rescheduled presentence investigation meeting, despite being told by the district court to complete the meeting during the plea hearing, is indicative of the likelihood that Starkey would be noncompliant with the conditions of probation. With his lack of cooperation, along with prior violations of the same law and an active arrest warrant, we find that the district court did not abuse its discretion in sentencing Starkey to 60 days' incarceration instead of probation.

CONCLUSION

The district court did not abuse its discretion in denying Starkey's request to withdraw his guilty plea or in its sentencing of him.

AFFIRMED.