IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. AMOS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

BRANDON Q. AMOS, JR., APPELLANT.

Filed January 31, 2023.    No. A-22-197.

Appeal from the District Court for Douglas County: HORACIO J. WHEELOCK, Judge.
Affirmed.

Brian Munnelly, for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

MOORE, RIEDMANN, and BISHOP, Judges.

MOORE, Judge.

INTRODUCTION

Brandon Q. Amos, Jr., appeals from his plea-based conviction in the district court for Douglas County for robbery and possession of a deadly weapon during the commission of a felony. On appeal, Amos contends that his plea was not entered freely, knowingly, intelligently, and voluntarily; that the district court abused its discretion in not allowing Amos to withdraw his plea; and that his sentences were excessive. He also asserts that he received ineffective assistance of counsel. We affirm.

STATEMENT OF FACTS

On October 29, 2020, Amos was charged by information with robbery, a Class II felony, and use of a firearm to commit a felony, a Class IC felony. Pursuant to a plea agreement, Amos

- 1 -

pled no contest to an amended information which reduced the weapons charge to possession of a firearm during the commission of a felony, a Class II felony.

On June 30, 2021, the State moved to consolidate Amos' case with that of a codefendant, Jeffrey Moore. Following a hearing at which Amos' counsel argued against the consolidation, the district court entered a detailed order, granting the motion to consolidate for trial.

At the plea hearing on December 21, 2021, the district court advised Amos of the nature of the amended charges and the possible penalties, including the statutory requirement that the sentences be imposed consecutively. Amos was also advised of his various rights that he would be waiving by entering a plea. Amos acknowledged that he understood the charges, possible penalties, and the rights he would be waiving. Amos responded affirmatively that he was entering his pleas freely and voluntarily and that his pleas were not the result of any threats or promises. Amos further agreed that no one had made any promises regarding the sentences he would receive.

The following factual basis was recited by the State at the plea hearing:

[On] September 29, 2020, Omaha police officers responded to a shooting. On approach the reporting officer saw a suspect motor vehicle fleeing the area with two males inside that vehicle, [and] was able to identify the defendant, Mr. Amos, as the driver of that vehicle. A victim at the scene had multiple gunshot wounds, [and] was transported to UNMC. Omaha police watched surveillance videos from the area and ID'd witnesses determining that the car that [Amos] was driving from the scene matched the suspect motor vehicle. Several witnesses heard two gunshots, three males yelling, saw the victim fall to the ground, and the motor vehicle drive away.

The victim eventually was able to describe what happened. [Moore] was trying to sell the victim marijuana. The victim didn't want it, [and Moore] got angry. [Amos] took the gun from the victim and said victim would have to pay to get it back. Victim refused and [Amos] struck the victim in the head with a gun. Victim got out of the car at that point. [Amos and Moore] both got out. [Moore] had a gun, two shots were fired where the victim was hit. Victim was not sure which defendant shot him. All events were in Omaha, Douglas County, Nebraska.

Amos' trial counsel stated that the date of the incident was September 27, 2020, not September 29, and the district court noted the correction to the factual basis. The court then found that there was a factual basis for the plea, that Amos understood the charges and possible penalties, that he understood his trial rights, and that he knowingly, intelligently, and voluntarily waived each of those rights. The court found that Amos' pleas were made knowingly, intelligently, and voluntarily, and the court accepted his pleas of no contest and found him guilty.

On February 22, 2022, Amos filed a plea withdrawal motion. Amos asserted that his trial counsel was ineffective and as a result, Amos' plea entered at the plea hearing was not knowingly or intelligently entered. Amos further stated that he had effectively discharged his trial counsel, and requested that the district court grant his motion to withdraw his plea and appoint him substitute counsel.

Sentencing was held on February 25, 2022, and the district court first took up Amos' motion to withdraw his plea. Amos argued that he was told he would receive concurrent sentences and he felt as though the plea agreement was "forced." The court found that the record of the plea

hearing affirmatively established that Amos understood the nature of the plea and the effect of his no contest pleas. Further, the record established a factual basis for Amos' plea and that Amos knew the range of penalties for the crimes charged. The court denied Amos' plea withdrawal motion and continued to sentencing.

Amos was sentenced to 20 to 30 year's imprisonment for robbery and to a consecutive term of 10 to 20 years' imprisonment on the weapons charge. Amos was given credit for 514 days served.

Amos appeals.

## ASSIGNMENTS OF ERROR

Amos assigns, reordered and restated, that the district court erred in (1) accepting his plea, (2) not allowing him to withdraw his plea, and (3) imposing an excessive sentence. Amos also assigns that he received ineffective assistance of counsel.

## STANDARD OF REVIEW

A trial court is given discretion as to whether to accept a guilty plea, and an appellate court will overturn that decision only where there is an abuse of discretion. *State v. Lane*, 299 Neb. 170, 907 N.W.2d 737 (2018). In determining whether a defendant's waiver of a statutory or constitutional right was voluntary, knowing, and intelligent, an appellate court applies a clearly erroneous standard of review. *State v. Iddings*, 304 Neb. 759, 936 N.W.2d 747 (2020).

Prior to sentencing, the withdrawal of a plea forming the basis of a conviction is addressed to the discretion of the trial court, and its ruling will not be disturbed on appeal absent an abuse of that discretion. *State v. Ortega*, 290 Neb. 172, 859 N.W.2d 305 (2015).

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022).

Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019).

## ANALYSIS

*Voluntariness of Plea.*

Amos argues that his plea was not entered freely, knowingly, intelligently, and voluntarily, and that the district court erred in accepting his plea of no contest. Amos asserts that he had received inaccurate information from his trial counsel concerning possible penalties.

To support a finding that a defendant has entered a guilty plea freely, intelligently, voluntarily, and understandingly, a court must inform a defendant concerning (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination. *State v. Lane, supra*. The record must also establish a factual basis for the plea and that the defendant knew the range of penalties for the crime charged. *Id*.

The record in this case shows that the district court did not err in accepting Amos' plea of no contest as freely, voluntarily, and intelligently given. At the plea hearing, the court thoroughly

examined Amos regarding his understanding of the charges against him, the possible penalties, and of his rights as set forth above.

The district court first presented Amos with a copy of the amended information and explained the two charges, robbery and possession of a deadly weapon, and that each were punishable by a minimum of 1 year imprisonment and a maximum of 50 years' imprisonment. Amos confirmed that he understood the charges and possible penalties.

The district court also stated that pursuant to statute, the charges were separate and distinct offenses and thus the court was required to impose consecutive sentences. Amos' trial counsel questioned the court as to whether the amended charge of possession of a deadly weapon would generate a consecutive sentence, and the court answered that it would. Amos again confirmed that he understood. The court asked Amos if he would like to speak to his trial counsel about the mandatory consecutive sentences and Amos answered in the affirmative. Back on the record, Amos confirmed that he had spoken to his trial counsel and that he did not have any questions for the court regarding the statutory requirement of consecutive sentences.

The district court advised Amos of his rights to an attorney, to a jury trial, to a speedy trial within 6 months, to compulsory process, to confront and cross-examine witnesses, to testify or to remain silent which silence cannot be used against him, and to require the State to prove his guilt beyond a reasonable doubt. The court further advised Amos that he would be waiving or giving up these rights if he entered a plea although he would retain his right to an attorney. Amos responded that he understood these rights and the effect of a no contest or guilty plea.

The district court then advised Amos of the consequences of a felony conviction, including the deprivation of the right to vote, hold public office, and serve on a jury. Amos acknowledged that he understood. The court readvised Amos that it had no discretion regarding the consecutive nature of the sentences, and that the maximum penalty for both counts was 50 years' imprisonment. Amos confirmed that he understood. The court asked whether Amos understood that his "maximum exposure" in this case was 100 years' imprisonment, and Amos stated that he did.

Amos affirmed that he was waiving his rights freely and voluntarily. Amos denied that anybody made any threats or promises to get him to waive his rights other than the plea agreement. The district court asked "Are you fully understanding exactly what you're doing in making this very important decision?" and Amos responded, "Yes, Your Honor."

Following this lengthy colloquy, the State presented its factual basis. Both parties confirmed that they were satisfied by the record made during the plea hearing, and Amos' trial counsel confirmed that the district court did not need to give any more advisements to Amos.

The district court concluded the plea hearing by finding that Amos' plea was not the result of any promise or threat and was made freely and voluntarily. The court accepted the plea of no contest and found Amos guilty of the charges in the amended information beyond a reasonable doubt.

In our review, it is clear that the district court took care to ensure that Amos understood the nature of the charge against him, the possible penalties, and the rights that he was waiving, and that his plea was intelligently, freely, and voluntarily given. These findings were not clearly erroneous. We find no abuse of discretion by the district court in accepting Amos' plea. This assignment of error fails.

*Withdrawal of Plea.*

Amos next assigns that the district court erred in denying his plea withdrawal motion, arguing his plea was involuntary. He contends that his counsel misled him about "numerous things," including possible penalties, and that a withdrawal of his plea would have corrected the "manifest injustice with the handling of his case." Brief for appellant at 21.

The right to withdraw a plea previously entered is not absolute. *State v. Canaday*, 307 Neb. 407, 949 N.W.2d 348 (2020). When a defendant moves to withdraw his or her plea before sentencing, a court, in its discretion, may sustain the motion for any fair and just reason, provided that such withdrawal would not substantially prejudice the prosecution. *Id*. The defendant has the burden to show the grounds for withdrawal by clear and convincing evidence. *Id*.

Amos' plea withdrawal motion stated that his counsel was ineffective and as a result, his plea was not knowingly or intelligently entered. At the hearing, Amos argued that he had been led to believe that he would receive concurrent sentences.

Amos' argument is refuted by the record. At the plea hearing, the district court provided Amos with multiple advisements regarding the sentencing range for the two charges and the statutory requirement that the sentences be imposed consecutively. Amos repeatedly confirmed his understanding of the court's advisements. The district court asked Amos whether he was given any predictions or promises regarding his sentence as inducement to enter his pleas, which he denied.

As we found above, Amos' plea was intelligently, freely, and voluntarily given. Amos has failed to show grounds for withdrawal by clear and convincing evidence. Thus, the district court did not abuse its discretion in denying his plea withdrawal motion. This assignment of error fails.

*Excessive Sentence.*

Amos assigns that the sentence imposed by the district court was excessive and amounted to an abuse of discretion. Amos was convicted of robbery and possession of a deadly weapon, both Class II felonies, which are punishable by a minimum of 1 year and a maximum of 50 years' imprisonment. Neb. Rev. Stat. § 28-105(1) (Reissue 2016). See also Neb. Rev. Stat. § 28-1205(3) (Reissue 2016) (possession of deadly weapon shall be treated as separate and distinct offense from felony being committed, and sentences imposed under this section shall be consecutive to any other sentence imposed). Amos was sentenced to consecutive terms of 20 to 30 years, and 10 to 20 years, respectively. The sentences were within the statutory limits. Nevertheless, Amos argues that the sentences were excessive and that the district court did not take into account certain mitigating factors. He points to his young age, minimal previous contacts with law enforcement, and that he was a "successful, taxpaying member of the community. . ." Brief for appellant at 22.

When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). A judicial abuse of discretion exists only when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal

record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id*. The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

The presentence investigation report indicates that Amos was 18 years old at the time of the offense, had graduated from high school, and had been working various service jobs assigned to him through a local employment agency. He has had numerous cases filed in juvenile court, most of which were dismissed. The one charge in juvenile court for which he was adjudicated and placed on probation ended in a termination of probation due to multiple violations. In adult court, he has been convicted of flight to avoid arrest, for which he served 30 days in jail. The victim of the present offense reported that he sustained a severe spinal cord injury that had rendered him a paraplegic. The overall Level of Service/Case Management Inventory placed Amos in the very high risk category to reoffend.

At sentencing, the district court indicated that it had considered Amos' age, mentality, education, experience, social and cultural background, past criminal record or record of law-abiding contact, motivation for the offense, the nature of the offense, and the amount of violence involved in the commission of the offense. The district court also noted that it had no discretion over the statutory requirement that the sentences be imposed consecutively.

Upon our review of the record, we can find no abuse of discretion in the sentences imposed. See *State v. Blake, supra*. This assignment of error fails.

*Ineffective Assistance of Counsel.*

Amos assigns that he "received ineffective assistance of counsel" at trial. Brief for appellant at 5. Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity and will not synthesize a specific assignment from the argument section of the brief of the party asserting the error. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019).

Although Amos has numbered and argued specific claims of ineffective assistance in the argument section of his brief, this assignment of error fails to specifically allege deficient performance by trial counsel, as required by our appellate caselaw. See, e.g., *State v. Price*, 306 Neb. 38, 944 N.W.2d 279 (2020) (rejecting appellant's argument that he met *Mrza's* specificity requirement because specific allegations of ineffective assistance were separately numbered and discussed in argument section of his brief); *State v. Guzman*, 305 Neb. 376, 940 N.W.2d 552 (2020) (rejecting appellant's argument that he met *Mrza's* specificity requirement because his assignment of error stated that particular allegations of ineffective assistance would be set forth elsewhere in brief with more particularity and because in heading of his argument on issue, he identified particular deficiencies in all bold and capital letters). Because Amos failed to identify counsel's alleged deficiency in his assigned error, we do not address his claim.

## CONCLUSION

The district court did not abuse its discretion in accepting Amos' plea of no contest, in denying his plea withdrawal motion, or in imposing his sentences. We affirm Amos' convictions and sentences.

AFFIRMED.